UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 13-20618-CR-MORENO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

HECTOR ALONSO CANAVERAL
MENDOZA,

      Defendant.

_____/

## ORDER DENYING THE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The Defendant, Hector Alonso Canaveral Mendoza, moves for compassionate release under Section 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 and 18 U.S.C. § 3582(c)(1)(A). The Court denies the Defendant's motion because his medical conditions, combined with the threat of COVID-19, are not extraordinary and compelling reasons warranting a reduction in his sentence. Moreover, even if the Defendant had shown extraordinary and compelling reasons, after careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court denies the motion because the Defendant still poses a danger to public safety and a reduction in his sentence would not promote respect for the law or afford adequate deterrence.

### I.      BACKGROUND

The Defendant pled guilty to count two of the indictment, which charged conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a United States registered aircraft, in violation of 21 U.S.C. § 963. The Defendant, who is now 52, was a member of a Colombia-based drug trafficking organization that transported cocaine, via U.S.-registered aircraft, from Colombia and Venezuela to Central America. The Defendant did not play a minor

role in this cocaine smuggling operation: he inspected the subject aircraft, recruited pilots, and even procured clandestine airstrips to avoid detection by law enforcement. He was responsible for over 800 kilograms of cocaine.

On April 5, 2016, this Court sentenced the Defendant to 135 months of imprisonment, followed by three years of supervised release. On March 9, 2021, the Defendant filed his motion for compassionate release after the warden of his correctional facility denied his request for compassionate release in January 2021.

## II.    LEGAL STANDARD

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Under § 3582(c), "[a] court may not modify a term of imprisonment once it has been imposed" unless an exception applies. One of those exceptions, § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act, provides as follows:

> [T]he court upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction.

§ 3582(c)(1)(A). "Because the statute speaks permissibly and says the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one []." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The statute "also requires that any reduction be consistent with applicable policy statements issued by the sentencing commission." *United States v. Smith*, No. 20-12636, 2021 WL 1561348, at *1 (11th Cir. Apr. 21, 2021) (citing § 3582(c)(1)(A)); *see also United States v. Kannell*, 834 Fed. Appx. 566, 567 (11th Cir. 2021).

2

The applicable policy statement, § 1B1.13 of the Sentencing Guidelines, provides that a court may reduce a sentence "if, after considering the factors set forth in [] § 3553(a), to the extent that they are applicable, the court determines that--[e]xtraordinary and compelling reasons warrant the reduction[,] [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[,] and [t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The commentary to the policy statement further states that extraordinary and compelling reasons may exist based on the medical condition of the defendant, where the defendant is "suffering from a terminal illness" or the defendant's ability to provide self-care within the environment of a correctional facility is substantially diminished and he or she is not expected to recover from at least one of the following: (1) "a serious physical or medical condition"; (2) "a serious functional or cognitive impairment"; or (3) the deterioration of "physical or mental health because of the aging process." § 1B1.13; *id.*, comment (n.1(A)). As recently noted in *Smith*, the Eleventh Circuit has "yet to decide in a published opinion whether a district court is required to consider or apply U.S.S.G. § 1B1.13, comment. (n.1) in addressing a motion for compassionate release under the First Step Act and 18 U.S.C. § 3582." *Smith*, 2021 WL 1561348, at *1 n.2; *see also Harris*, 989 F.3d at 912 n.2.[1]

### III.   ANALYSIS

As a preliminary matter, the Court finds, and the Government does not contest, that the Defendant complied with § 3582(c)(1)(A)'s exhaustion requirement because he filed his motion for compassionate release more than 30 days after the warden's receipt of the Defendant's request.

---

[1] In *Harris*, the Eleventh Circuit "d[id] not reach the issue of whether the district court was required to consider § 1B1.13" and held as follows: "If the court was required to, it did. If it was not required to, it nonetheless independently considered and rejected [the movant's] reasons as not 'extraordinary and compelling.'" *Harris*, 989 F.3d at 912 n.2 (internal citations omitted).

3

The warden denied his request on January 20, 2021, and the Defendant filed his motion on March 9, 2021. As the Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, his motion is ripe for the Court's consideration.

Turning to the merits, the Court denies the Defendant's motion for three independent reasons. First, the Defendant's medical conditions, combined with the threat of COVID-19, are not extraordinary and compelling reasons warranting a reduction in his sentence. Second, even if extraordinary and compelling reasons existed, after considering the § 3553(a) factors, the Court denies the motion because the Defendant is a danger to public safety and a sentence reduction would not foster respect for the law or afford adequate deterrence to criminal conduct. Third, in the event the Court is required to consider the commentary to § 1B1.13 of the Sentencing Guidelines, the Defendant's motion is denied because he has failed to show extraordinary and compelling reasons exist here, as defined by the policy statement.

### 1. The Defendant has failed to show that he is entitled to relief pursuant to § 3582(c) based on "extraordinary or compelling" reasons.

The Defendant maintains that he is entitled to compassionate release because of his severe health concerns, compounded by the threat of COVID-19, and his post-offense rehabilitation. The Defendant, who suffers from pre-diabetes and gastrointestinal infections and is a colon cancer survivor,[2] claims that under the First Step Act courts can now consider an extraordinary or compelling reason other than, or in combination with, the reasons described in the policy statement.

The Defendant's motion is denied because his conditions, combined with the threat of COVID-19, are not extraordinary and compelling reasons. Under the Center for Disease Control's

---

[2] (D.E. 146-1, at 12).

4

guidance list, adults with cancer and/or diabetes can be more likely to get severely ill from COVID-19.[3] But here the Defendant's cancer appears to be in remission, as the Defendant describes himself as a colon cancer survivor, and he is only suffering from pre-diabetes at this time. Neither pre-diabetes nor gastrointestinal issues appear on the CDC's guidance list as medical conditions that can be more likely to cause severe COVID-19. *See United States v. Cooks*, CR 112-254, 2021 WL 123387, at *1 (S.D. Ga. Jan. 12, 2021) (finding that the Defendant did not suffer from a CDC qualifying medical condition where the defendant suffered from pre-diabetes); *United States v. Rogers*, No. 1:16-cr-00072, 2020 WL 5440352, at *5 (E.D. Cal. Sept. 10, 2020) (noting that the CDC does not recognize "gastrointestinal issues as placing individuals at higher risk of severe illness from COVID-19").

With respect to the threat of COVID-19, despite the Defendant's reports of "rampant infection in both staff and inmates," the Court notes that there are currently no positive inmates at Great Plains Correctional Facility.[4] As to the Defendant's health and safety during this global pandemic, the Bureau of Prisons anticipates that all federal prison inmates will have an opportunity to receive a vaccine by mid-May and more than 40,000 inmates have received both doses of the vaccine—almost a third of inmates in federal custody.[5]

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (last visited May 3, 2021).

[4] https://www.bop.gov/coronavirus/ (last visited May 3, 2021). The statistics can be accessed under "COVID-19 Cases" when clicking the hyperlink titled, "privately-managed prisons" and viewing the statistics for Great Plains Correctional Facility in the list.

[5] Becky Sullivan, *All Federal Inmates To Be Offered Vaccine by Mid-May, BOP Director Says*, NPR (April 16, 2021), https://www.npr.org/2021/04/16/988237102/all-federal-inmates-to-be-offered-vaccine-by-mid-may-bop-director-says.

As this Court has previously recognized: "[A] compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F.Supp.3d 1275, 1282 (S.D. Fla. 2020) (citing *White v. United States*, 378 F. Supp 3d 784, 787 (W.D. Mo. 2019)). Here, the Defendant's pre-diabetes and gastrointestinal issues are not recognized by the CDC as medical conditions placing him in a higher risk group for contracting severe COVID-19. *See Cooks*, 2021 WL 123387, at *1; *Rogers*, 2020 WL 5440352, at *5. While his colon cancer is a qualifying medical condition, it appears that the Defendant is in remission, and, therefore, the Court finds that it is not an extraordinary and compelling reason warranting a reduction in his sentence. *See United States v. Apicella*, No. 2:18-cr-49-FtM-38NPM, 2020 WL 7260760, at *2 (M.D. Fla. Dec. 10, 2020) (finding that the defendant's cancer in remission was not an extraordinary and compelling reason).Thus, the Court finds that the Defendant has failed to satisfy his "burden of proving entitlement to relief under section 3582." *Kannell*, 834 Fed. Appx. at 567 (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

## 2. Even if there were extraordinary and compelling reasons, the Defendant's motion is denied because he is still a danger to public safety and, after consideration of the § 3553(a) factors, the Defendant's early release would not promote respect for the law or afford adequate deterrence to criminal conduct.

In determining whether a sentence reduction is appropriate under § 3582(c)(1)(A), district courts must consider the factors set forth in § 3553(a) and whether a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." The § 3553(a) factors include the following considerations: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant."

The applicable policy statement, § 1B1.13 of the Sentencing Guidelines, states that a district court "may reduce a term of imprisonment...if, after considering the factors set forth in [] § 3553(a), to the extent they are applicable, the court determines that...[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.] When determining dangerousness, courts consider the following factors: (1) "the nature and circumstances of the offense charged, including whether the offense...involves...a controlled substance"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g).

Here, the Defendant remains a danger to public safety, § 3142(g), and reapplication of the § 3553(a) factors militate against the Defendant's early release. The Defendant committed a serious crime involving over 800 kilograms of a controlled substance. He conspired to transport these narcotics aboard a U.S. aircraft to locations in Central American and advanced the criminal conspiracy by recruiting pilots to operate the aircraft and locating clandestine airstrips to avoid law enforcement detection. Through confidential sources and lawfully intercepted telephone calls, law enforcement learned the Defendant's role in this Colombian-based drug trafficking organization. As noted by the Defendant in his motion, if granted compassionate release, he intends to return to his native country of Colombia, which also happens to be home to the Defendant's drug trafficking organization.[6] Presently, the Defendant has only served approximately 53% of his sentence, or, stated differently, he has only served approximately 72 months of his 135 month term of imprisonment. A release at this juncture would not promote respect for the law or afford

---

[6] A special condition of the Defendant's supervised release is surrendering to Immigration and Customs Enforcement for removal after imprisonment.

7

adequate deterrence to criminal conduct. Hence, after consideration of the § 3553(a) factors and the danger the Defendant still poses to public safety, the Court also denies the Defendant's motion on this basis.

> **3. If the Court is required to consider note 1 in the commentary to § 1B1.13, the Defendant's motion is denied because he has failed to show extraordinary and compelling reasons exist here, as defined in the policy statement's commentary.**

As previously noted, the Eleventh Circuit has not decided in a published opinion whether a district court is required to apply or consider note 1 in the commentary to § 1B1.13 when addressing a motion for compassionate release pursuant to § 3582(c)(1)(A)(i), as amended by the First Step Act. *Smith*, 2021 WL 1561348, at *1 n.2; *see also Harris*, 989 F.3d at 912 n.2. If the Court is required to consider § 1B1.13, comment. (n.1), the Court has considered the policy statement and the Defendant's motion is denied because he has failed to show that he is either "terminally ill" or that he is not expected to recover from a medical condition and his "ability to provide self-care within the environment of a correctional facility is substantially diminished."

## IV.   CONCLUSION

For the foregoing reasons, the Court denies the Defendant's motion for compassionate release pursuant to § 3582.

DONE AND ORDERED in Chambers at Miami, Florida, this ___3rd___ of May 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record