## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 13-cr-20618-BLOOM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

HECTOR ALONSO CANAVERAL MENDOZA,

     Defendant.

_____/

### ORDER ON MOTION FOR REDUCTION IN SENTENCE
### (COMPASSIONATE RELEASE) UNDER 18 U.S.C. § 3582(c)(1)(A)

**THIS CAUSE** is before the Court upon Defendant Hector Alonso Canaveral Mendoza's
Motion for Reduction in Sentence (Compassionate Release) under 18 U.S.C. § 3582(c)(1)(A),
ECF No. [153] ("Motion"). The Government filed its Response, ECF No. [156], and the Defendant
has not filed a Reply. The Court has carefully reviewed the Motion, all opposing and supporting
submissions, any relevant exhibits, the record in this case, the applicable law, and is otherwise
fully advised. For the reasons discussed below, the Motion is denied.

### I.     BACKGROUND

On January 26, 2016, Defendant pleaded guilty to conspiracy to possess with intent to
distribute five kilograms or more of cocaine on board a registered United States aircraft, in
violation of 21 U.S.C. § 963. *See* ECF No. [3]; Plea Agreement, ECF No. [29]. On April 5, 2016,
U.S. District Judge Federico Moreno sentenced Defendant to 135 months of imprisonment,
followed by three years of supervised release. *See* ECF Nos. [79], [89], [120]. Defendant has
served approximately 88 months of his sentence, is currently housed at Edgefield FCI, and is due
to be released on November 14, 2024.

In the Motion, Defendant requests compassionate release, arguing that extraordinary and compelling circumstances, including his post-offense rehabilitation, and serious medical conditions coupled with the risks posed by COVID-19 warrant such relief. The Government opposes the Motion, arguing that Defendant has failed to exhaust his administrative remedies, no extraordinary and compelling circumstances exist, and his release is incompatible with the 18 U.S.C. § 3553(a) sentencing factors.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States has 93,240,120 confirmed cases and 1,034,668 reported deaths as of August 19, 2022.[1] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, former Attorney General William Barr urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The former Attorney General made the express finding that extant emergency conditions are materially affecting BOP functioning and has directed the BOP to immediately maximize transfers to home confinement for

---

[1] *COVID Data Tracker*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#trends_dailytrendscases (last updated August 19, 2022).

all eligible inmates at the specifically named facilities and other similarly situated facilities where

COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to

review all inmates who have COVID-19 risk factors, as established by the Centers for Disease

Control and Prevention ("CDC"), to determine their suitability for home confinement, while also

emphasizing the importance of protecting the public from individuals who may pose a danger to

society, and recognizing the need to avoid over-burdening law enforcement with "the

indiscriminate release of thousands of prisoners onto the streets without any verification that those

prisoners will follow the laws when they are released . . . and that they will not return to their old

ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses

the need for careful and individualized determinations regarding the propriety of releasing any

given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II.    LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'"

*United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly
> limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir.
> 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify
> a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a
> motion and extraordinary or compelling circumstances warrant modification or if
> the defendant is at least 70 years old and has served 30 years in prison; (2) if the
> modification is expressly permitted by statute or Federal Rule of Criminal
> Procedure 35; or (3) if the defendant's original sentencing range has subsequently
> been lowered as a result of an amendment to the Guidelines by the Sentencing
> Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v.*

*Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310,

1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority

to modify a sentence; it may do so only when authorized by a statute or rule." *United States v.*

*Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision, § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
> > . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The existing policy statement provides that,

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

> (1)(A) extraordinary and compelling reasons warrant the reduction; or

> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

> (A) **Medical Condition of the Defendant.**—
>
> > (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) **Other Reasons.**—As determined by the Director of the Bureau of
        Prisons, there exists in the defendant's case an extraordinary and
        compelling reason other than, or in combination with, the reasons
        described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018).

Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the Court of Appeals for the Eleventh Circuit has determined that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and that courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

    *First*, when the defendant brings the motion himself, the Court must ascertain
    whether he "has fully exhausted all administrative rights to appeal a failure of the
    Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has
    been a] lapse of 30 days from the receipt of such a request by the warden of the
    defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the
    Court should "consider[] the factors set forth in section 3553(a) to the extent that
    they are applicable." *Id. Third*, the Court should turn to the "extraordinary and
    compelling reasons" test . . . . And *fourth*, the Court should determine whether the
    defendant poses a "danger to the safety of any other person or to the community,
    as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is

warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III.   DISCUSSION

On February 17, 2021, Defendant filed his first motion requesting compassionate release, arguing that his medical conditions combined with the threat of COVID-19 constituted extraordinary and compelling circumstances warranting a reduction in sentence. *See* ECF No. [146] ("First Motion"). The Court denied the First Motion, finding that Defendant's medical conditions, combined with the threat of COVID-19, did not constitute extraordinary and compelling reasons warranting a reduction in sentence. ECF No. [150] ("Order"). In addition, the Court determined that Defendant remained a danger to public safety. *Id.*

In the instant Motion, Defendant again requests compassionate release arguing that the continued threat of COVID-19, along with his medical conditions and post-offense rehabilitation, constitute extraordinary and compelling reasons warranting release. The Government opposes the Motion, arguing that Defendant has failed to exhaust his administrative remedies, as he did not request compassionate release from the warden at his current facility. The Government also contends that Defendant has not established extraordinary and compelling circumstances, and that the section 3553(a) factors do not warrant release.

#### i.   Exhaustion of Administrative Remedies

Because Defendant's Motion fails on the first step of the § 3582 considerations, the Court need not address the remaining inquiries under the § 3582 analysis. As the Government correctly notes in its Response, Defendant has failed to establish that he exhausted his administrative

remedies with the BOP with respect to the instant Motion. Indeed, the record reflects that while Defendant satisfied the exhaustion requirement with respect to the First Motion, the instant Motion indicates that he did not make the requisite request to the warden at his current facility. *See* ECF No. [153] at 2 ("As already outlined in this Court's Order [ ] (Docket Entry #150), the movant requested that the warden move the court on his behalf for compassionate release. That request was denied in January 2021.").

Although there is substantial disagreement among federal courts across the nation on whether § 3582(c)(1)(A)'s exhaustion requirement can be waived in exceptional circumstances,[2] the Court declines to address the waiver issue under the facts of the instant case. "Even if some courts have recognized that waiver may be available . . . in exigent circumstances, no such case . . . has involved an inmate seeking compassionate relief without at least submitting a request . . . to the BOP prior to, or in conjunction with, his or her application to the court." *United States v. Vigna*, 455 S. Supp. 3d 68, 74-75 (S.D.N.Y. 2020).[3] For this reason alone, Defendant's Motion must be denied.

---

[2] *See United States v. Bess*, 455 F. Supp. 3d 53, 58 (W.D.N.Y. 2020) ("[T]here is widespread disagreement about whether any exceptions may apply. Some courts have found that they independently may excuse a defendant's failure to exhaust, while others have found that only the government may forfeit or waive the requirement."); *see also United States v. Cassidy*, No. 17-CR-116S, 2020 WL 1969303, at *5-6 (W.D.N.Y. Apr. 24, 2020) (collecting cases); *United States v. Otero*, No. 17CR879-JAH, 2020 WL 1912216, at *4 (S.D. Cal. Apr. 20, 2020) (collecting cases); *United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020) (collecting cases); *United States v. Feiling*, 453 F. Supp. 3d 832, 838 (E.D. Va. 2020) (collecting cases); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (collecting cases); *United States v. Alam*, 453 F. Supp. 3d 1041, 1044 (E.D. Mich. 2020) (collecting cases); *United States v. Woodson*, 452 F. Supp. 3d 31, 35 (S.D.N.Y. 2020) (collecting cases).

[3] Indeed, courts across the country have repeatedly denied motions for compassionate release where the defendant has failed to also submit a request to the BOP. *See United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *1 (M.D. Fla. Apr. 24, 2020); *United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *3 (N.D. Ala. Apr. 22, 2020); *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *1 (S.D. Ala. Apr. 7, 2020) ("Hays did not provide the Court with any evidence that she exhausted her administrative remedies with the BOP or that she made a request for compassionate release to the Warden before she filed her motion in this Court. Since Hays failed to comply with either of

### ii.    Extraordinary and Compelling Circumstances

Nevertheless, even if Defendant had satisfied the exhaustion requirement, he has failed to

demonstrate that extraordinary and compelling circumstances exist.

First, Defendant's medical records indicate that he has already contracted COVID-19, and

there is no evidence that he is suffering any lasting effects. *See* ECF No. [158] at 37. Defendant

asserts that he is now fully vaccinated against COVID-19, including a booster dose, *see* ECF No.

[153] at 9, and while the vaccine does not guarantee that he cannot contract the virus again, it

significantly decreases the likelihood that he will.

Second, recently updated CDC guidelines indicate that the following health conditions can

make adults of any age more likely to become severely ill due to COVID-19: cancer; chronic

kidney disease; chronic liver disease; chronic lung diseases, including asthma (moderate to

severe); cystic fibrosis; dementia or other neurological conditions; diabetes (type 1 or type 2);

disabilities such as Down syndrome; heart conditions, such as heart failure, coronary artery

---

the two statutory requirements, the Court finds that she has not met the necessary prerequisites for consideration of her motion."); *United States v. Zywotko*, ---F. Supp. 3d ----, 2020 WL 1492900, at *1-2 (M.D. Fla. Mar. 27, 2020); *United States v. Solis*, No. 16-015, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (a defendant who has not "requested compassionate release from the BOP or otherwise exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment.); *United States v. Bonventre*, No. 10-CR-228-LTS, 2020 WL 1862638, at *3 (S.D.N.Y. Apr. 14, 2020) ("Here, the relief Mr. Bonventre seeks affords no respect whatsoever for the administrative process. He does not ask the Court to direct the BOP to reopen his claims (his claims were never opened). Instead, he asks the Court to bypass the administrative process and decide the merits of a claim that Congress clearly intended should start, in the first instance, with the BOP. Therefore, the Court concludes that Bowen does not support Defendant's argument that his failure to exhaust should be excused based on the COVID-19 crisis alone."); *United States v. Engleson*, No. 13-CR-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) ("Defendant has not, to the Court's knowledge, made a request to the warden of his facility to bring such a motion. Accordingly, the statutory requirement is not met, and the Court may not grant relief under this provision."); *Woodson*, 452 F. Supp. 3d at 34-35 (concluding that because § 3582(c)(1)(A)'s requirement is statutory, not judicial, district courts may not "waive" exhaustion in the present context); *United States v. Carver*, 451 F. Supp. 3d 1198, 1199 (E.D. Wash. 2020) ("The administrative exhaustion requirement admits of no exception. Defendant fails to indicate whether she has sought relief from the Bureau of Prisons, much less shown she has satisfied the statute's exhaustion requirement. Nor does Defendant identify an alternative basis on which the Court could grant early release." (citation omitted) (footnote omitted)).

disease, cardiomyopathies, or hypertension; HIV infection, immunocompromised state (weakened immune system); mental health conditions; overweight and obesity; pregnancy; sickle cell disease or thalassemia; current or former smoking; solid organ or blood stem cell transplant; stroke or cerebrovascular disease; substance use disorders; and tuberculosis.[4] In the Motion, Defendant asserts that he is obese, suffers from vitamin D deficiency, calculus of kidney, inguinal hernia, pre-diabetes, and lower back pain. He also notes that he had colon cancer, which is now in remission. However, other than obesity, his health conditions do not place him at high risk due to COVID-19. Moreover, as the Government points out, Defendant's medical records do not contain a diagnosis of obesity.

Third, in keeping with § 1B1.13,[5] in order for Defendant's medical conditions to provide justification for compassionate release, the Court must find that Defendant is either suffering from a terminal illness, or that his serious physical or medical condition, or serious functional or cognitive impairment, substantially diminishes his ability to provide self-care and from which he is not expected to recover. *See* U.S. Sent'g Guidelines Manual § 1B1.13, cmt. 1(A). Upon review of the Motion and medical records submitted, the Court concludes that the record does not support either finding under the Sentencing Guidelines.

Fourth, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at

---

[4] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

[5] Recent Eleventh Circuit precedent in *United States v. Bryant* makes clear that this Court is strictly confined to consideration of the circumstances described in the Sentencing Guidelines in determining whether extraordinary and compelling circumstances exist. 996 F.3d at 1248 (11th Cir. 2021).

*2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . .")). In sum, while the Court is certainly sympathetic to Defendant's concerns regarding COVID-19, his medical records reflect that Defendant is receiving adequate medical treatment, and the BOP can provide treatment for any potential COVID-19 related issues. Defendant has therefore failed to establish extraordinary and compelling circumstances that would warrant early release.[6]

## IV.   CONCLUSION

Accordingly, the Motion, **ECF No. [153]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 22, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Hector Alonso Canaveral Mendoza, *pro se*
08921-104
Edgefield
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 725
Edgefield, SC 29824

---

[6] Because the Motion fails to establish any extraordinary and compelling circumstances under the compassionate release analysis, the Court need not address the remaining considerations under § 3553(a) or § 3142(g).